UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

MARCUS WEST,

    Plaintiff,

-v-

TURNER, et al.,

    Defendants.

19-CV-0608V
ORDER

---

## INTRODUCTION

The pro se plaintiff, Marcus West, was an inmate confined at the Fishkill Correctional Facility when he filed this action. He asserts claims under 42 U.S.C. § 1983 and alleges that the defendants violated his Eighth Amendment rights. Docket Item 1. He also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it). Docket Item 11. And he has moved for service by the United States Marshals Service and asked this Court to appoint him counsel. Docket Items 9, 12, and 13.

Because West meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization, Docket Item 11, the Court grants his motion to proceed *in forma pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court screens the complaint. For the reasons that follow, this Court grants his motions for service. West's motion for the appointment of counsel is denied without prejudice as premature.

1

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation omitted). But leave to amend pleadings may be denied when any amendment would be "futile." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### I. SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is

2

appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

West raises six claims, all asserting that the defendants—Corrections Officer Turner, Corrections Officer Larcen, and Corrections Officer John Doe #1—violated his Eighth Amendment right to be free from cruel and unusual punishment. Docket Item 1 at 1-2. The first, third, fourth, fifth, and sixth claims allege that Turner and Larcen used excessive force against him. *Id.* at 5, 8-10. The second claim alleges that Doe failed to intervene to protect him from harm.[1] *Id.* at 5-6. A liberal reading of the complaint tells the following story.

On October 2, 2018, defendant Turner escorted West out of "Housing Unit E1 for an alleged out of place violation." *Id.* at 5. Defendants Turner, Larcen, and Doe then conducted a "strip frisk" of West, and "once [West] was fully dress[ed,] Officer Turner put [him] in a headlock [and] Officer Larcen punched [him] in the left eye." *Id.* Defendant Doe was present and part of the "Turner Response Team." *Id.*

---

[1] West alleges that his claims were ignored by "a number of officers and the nurse." *Id.* at 9. But he makes no claim for denial of medical care, names no one else as defendants, and appears to present these allegations as part of the narrative explanation for his initial report that his injuries were the result of a fight with another inmate. Indeed, West details a number of appointments with medical professionals shortly after the alleged attack. The Court therefore does not construe his complaint, even read liberally, as alleging that other prison staff are liable to West for his claimed injuries or as raising a claim of deliberate indifference to his medical needs.

3

West's eye "swelled shut," and the injury caused "unbearable pain." *Id.* at 6. That same day, a prison nurse treated West. *Id.* at 8. "[O]ut of fear of retaliation," West told the nurse that he had "got[ten] into a fight with another inmate." *Id.* The following day, West was transferred to the special housing unit ("SHU"). *Id.* at 9. A prison doctor ordered an X-ray and referred West to an ophthalmologist. *Id.* West also "tried to report [the] assaults by Officer[s] Turner and Larcen but . . . was rejected by [a] number of officers and by the nurse [in the] SHU." *Id.*

On October 22, 2018, West saw an ophthalmologist at the Wende Correctional Facility. *Id.* at 10. The ophthalmologist found that West had "major trauma to [his] retina" and scheduled a second eye exam. *Id.* The second physician, who worked at the Clinton Correctional Facility, confirmed that West had "major trauma to [his] retina and also a superficial scrape [on his lower] and upper left inner eye approx[imately] $1/4$ and $1/8$[ inches] in length." *Id.*

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

4

To establish liability against a prison official under section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a "link[ ] in the prison['s] chain of command." See McKenna v. Wright, 386 F.3d 432, 437 (2d Cir. 2004); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of respondeat superior is not available in a section 1983 action. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory prison official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon, 58 F.3d at 873 (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

## A. Eighth Amendment Excessive Force Claims

West first alleges that defendants Turner and Larcen violated his Eighth Amendment rights by using excessive force against him. Docket Item 1 at 5, 8-10. "[T]he core judicial inquiry" in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). A court must consider "both the 'objective' and the 'subjective' components of an alleged violation." Id. (citing Hudson, 503 U.S. at 7). The objective component considers the "seriousness of the injury." Id. The Eighth

5

Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citation omitted). "The subjective component relates to whether the defendants had a 'wanton' state of mind when they were engaging in the alleged misconduct." *Davison*, 32 F.3d at 30 (citing *Hudson*, 503 U.S. at 6-7). "Punishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'" *Hudson*, 503 U.S. at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)).

West alleges that for no good reason defendants Turner and Larcen placed him in a headlock and punched him, inflicting injuries that resulted in a swollen eye, "unbearable pain," and multiple rounds of examination and treatment by medical professions. Those allegations are sufficient, at this early stage, to survive screening.

### B. Eighth Amendment Failure to Intervene Claim

West also alleges that defendant Doe violated his Eighth Amendment rights by failing to intervene to protect him from Turner's and Larcen's excessive use of force. Docket Item 1 at 5-6. "A [law enforcement] officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988)). "Liability attaches on the theory that the officer, by failing to intervene, becomes a 'tacit collaborator' in the illegality." *Id.* (quoting *O'Neill*, 839 F.2d at 11-12). "Whether an officer had sufficient time to intercede or was

6

capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

As noted above, West has plausibly alleged that prison officials used excessive force against him. He also alleges that defendant Doe was present during this constitutional violation and failed to intervene to protect him from harm. Moreover, at this early stage, it is not clear that the sequence of events occurred "in such rapid succession that [Doe] had no realistic opportunity to attempt to prevent them." *See O'Niell v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). West's claim for failure to intervene therefore also survives screening.

### III. DEFENDANT JOHN DOE

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), the New York State Attorney General's Office ("Attorney General") shall ascertain the full names of Turner, Larcen, and John Doe #1. The Attorney General also shall provide addresses where these defendants may be served. The Attorney General need not undertake to defend or indemnify the individuals at this juncture. This order merely provides a means by which West may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

The Attorney General shall provide the information specified above regarding the identities of Turner, Larcen, and John Doe #1 **within 35 days of the date of this order**. The information shall be forwarded to the Court's Pro Se Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614. Once this information is provided, West's complaint shall be deemed

amended to reflect the name of the defendants, and the United States Marshals Service shall effect service.

## IV. APPOINTMENT OF COUNSEL

West also has asked this Court to appoint counsel for him. Docket Item 12. In deciding whether to appoint counsel, courts first assess the indigent plaintiff's likelihood of success on the merits of his claim. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the claim meets this threshold requirement, courts consider a number of other factors, including "the nature of the factual issues the claim presents[,] . . . the plaintiff's apparent ability to present the case[,] . . . whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination[,] . . . [and the plaintiff's] efforts to obtain counsel." *Id.*

This action was commenced only recently. The defendants have not yet answered the allegations in the complaint, so the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are West's bare allegations. At this stage, the Court lacks sufficient information to consider the factors stated in *Hodge*. West's request for appointment of counsel therefore is denied without prejudice as premature.

## ORDER

In light of the above,

IT IS HEREBY ORDERED that West's motions to proceed *in forma pauperis*, Docket Item 11, and for service by the United States Marshals Service, Docket Items 9 and 13, are granted; and it is further

ORDERED that West's motion for appointment of counsel, Docket Item 12, is denied without prejudice; and it is further

ORDERED that the New York State Attorney General's Office shall provide the Court with the full names and addresses of defendants Turner, Larcen, and John Doe #1 **within 35 days of the date of this order**; and it is further

ORDERED that the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, complaint, and this order upon defendants Turner, Larcen, and John Doe #1 (once identified) without the plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that the Clerk of Court shall forward a copy of this order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>; and it is further

ORDERED that the Clerk of Court shall use the mailing address for non-inmate mail provided by the New York State Department of Corrections and Community Supervision's website, http://www.doccs.ny.gov/faclist.html, as needed.

SO ORDERED.

DATED: November 14, 2019
Buffalo, NY

Lawrence J. Vilardo
United States District Judge